## SALES SUBJECT TO APPROVAL AFTER TRIAL.

Circuit Court of Cuyahoga County.

JOHN MCMYLER v. THE BECKMAN COMPANY.

Decided, June 18, 1909.

*Contracts—Goods Furnished to be Satisfactory—Evidence—Letter of Managing Officer to Third Person Recommending Goods, Not Admissible Against Corporation.*

1. · A contract providing that stokers sold should be satisfactory to the defendant, is not complied with, though the defendant kept and used them for over six months, it appearing that all that time plaintiff was working upon them, trying to make them satisfactory, but failing therein.

2. A letter written by the managing officer of a corporation to a third person, recommending the kind of stokers his corporation had purchased is not admissible in evidence in an action against his corporation for the value of the stokers furnished it, on the proposition that it was satisfied with said stokers.

*Weed, Miller & Nason,* for defendant in error.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

· In this case we think that it was incumbent upon the plaintiff to show that the defendant company was satisfied with the

stokers furnished (the contract being that the defendant would accept and pay for the same if satisfied with them), and having failed to show this material part of his case, his first cause of action was properly dismissed. The mere fact that the defendant kept and used the stokers from April to November before it ordered them out, was not sufficient to require a submission of this cause of action to the jury, for the plaintiff submitted this fact, with an explanation that continuously during that time he was working upon the stokers, manifestly because they were not satisfactory to the defendant.

There was no error in excluding the letter written by Mehling, the managing officer of the defendant company, to Lieber, of the Indianapolis Brewing Company, recommending the stokers. If Mehling had authority to bind the defendant company by his admissions, it was only in transactions that he was authorized to carry on and to those with whom he was dealing in behalf of the company. This letter was wholly without the scope of his authority and properly rejected, being offered as substantive proof that the company was satisfied with the stokers. The use of the letter to contradict or impeach any evidence offered by the defendant, was not involved.

We have examined all the claims of error, and finding nothing prejudicial to the rights of the plaintiff in error, the judgment is affirmed.